UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| NATHAN BRINTON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>AURA SUB, a Delaware limited liability company; JOHN DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | No. 3:23-cv-6084<br><br>NOTICE OF REMOVAL |

**TO:　THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Aura Sub LLC ("Aura"), removes this action to this Court from the Clark County Superior Court of the State of Washington. This Court has subject matter jurisdiction because there is complete diversity between Aura and Plaintiff Nathan Brinton and the amount in controversy exceeds $75,000, exclusive of interest and costs. In further support of this notice, Aura respectfully states:

**I.　SUMMARY**

Brinton is a citizen of Washington. Aura is an LLC formed in Delaware and all its members are non-Washington citizens. There is complete diversity. Considering the injuries and

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

damages Brinton alleges, Aura asserts in good faith that the amount in controversy exceeds $75,000. The removal requirements are met.

## II.   STATE COURT ACTION

On or about October 24, 2023, Brinton served Aura with a summons and copy of the complaint in this lawsuit. Brinton alleges that "Defendants advertised, initiated, or assisted in the transmission of over one hundred misleading and unsolicited bulk commercial email solicitations." Ex. 1, Complaint ¶ 2. Based on those allegations, he brings causes of action for violations of Washington's Commercial Electronic Mail Act, RCW §§ 19.190, *et seq.*; Washington's Consumer Protection Act, RCW §§ 19.86, *et seq.*; California's Restrictions on Unsolicited Commercial E-Mail Advertisers provision, Cal. Bus. & Prof. Code § 17529.5; and Utah's recently in effect Commercial Email Act, Utah Code Ann. § 13-65-201. Ex. 1, Compl. ¶¶ 1, 15–34. True and correct copies of the summons and complaint as served are attached to this notice as Exhibits 1 and 2. No other process, pleadings, or orders have been served on Aura.

Brinton's service of the summons and complaint commenced the action, but he did not file the complaint with the Clark County Superior Court. *See* Wash. Super. Ct. Civ. R. 3(a) ("[A] civil action is commenced by service of a copy of a summons together with a copy of a complaint … or by filing a complaint.").[1] The filing of this notice of removal absent a complaint filed in state court is proper because "[f]iling a lawsuit in state court is not a condition precedent to its removal to federal court" under Washington law. *Dustin v. Meridian Fin. Servs., Inc.*, 2017

---

[1] On November 17, 2023, Aura served Brinton with a written demand to file the complaint. *See* Wash. Super. Ct. Civ. R. 3(a) ("Upon written demand by any other party, the plaintiff instituting the action shall pay the filing fee and file the summons and complaint within 14 days after service of the demand or the service shall be void."). As of filing this notice, Brinton has not filed the complaint with the Clark County Superior Court.

NOTICE OF REMOVAL – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

WL 3773714, at *2 (W.D. Wash. Aug. 31, 2017). Stated differently, "[t]here is nothing in the removal statute that requires a state court filing as a prerequisite to filing a notice of removal." *Melvin v. Kingsolver*, 2012 WL 13026632, at *3 (W.D. Wash. June 12, 2012).

The filing of this notice of removal is also timely. Service with process of an unfiled complaint starts the 30-day clock for removal. *See Alderson v. Delta Air Lines, Inc.*, 2018 WL 5240811, at *2–3 (W.D. Wash. Oct. 22, 2018) (collecting cases). Aura files this notice of removal within 30 days of service of the initial pleading. This is the course of action other litigants have taken in nearly identical situations. *See, e.g.*, *Brinton v. One Technologies LLC*, No. 23-cv-06046, Dkt. 1 (W.D. Wash. Nov. 15, 2023).

## III. GROUNDS FOR REMOVAL

This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. The parties are completely diverse.

Brinton is a citizen of Washington. He is a resident of Clark County and is domiciled there. *See* Ex. 1, Compl. ¶¶ 2, 3, 13; *see Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019) (not deciding the question as to whether residence equates to domicile but concluding that, unless challenged, jurisdictional allegations are taken as true).

Aura is a Delaware limited liability company with its headquarters in Boston, Massachusetts. *See* Ex. 1, Compl. ¶ 4. A limited liability company is a citizen of any state of which an owner or member of the company is a citizen. *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018); *Lloyd's of London Syndicate 2987 v. PCL Homes LLC*, 2023 WL 7212554, at *1 (W.D. Wash. Nov. 2, 2023). None of Aura's members are Washington citizens.

NOTICE OF REMOVAL – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

There is complete diversity of citizenship because Brinton is a Washington citizen and Aura is not a Washington citizen. *See* 28 U.S.C. §§ 1332(a)(1), 1441(a).[2]

### B. The amount in controversy exceeds $75,000, exclusive of interest and costs.

Brinton does not assert a specific value for his claims on the face of his complaint. *See generally* Ex. 1, Compl. Where, as here, "a plaintiff's complaint does not state an amount in controversy, a defendant need only provide a short and plain statement including a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *J Bells LLC v. Sentinel Ins. Co. Ltd*, 2020 WL 5905199, at *2 (W.D. Wash. Oct. 6, 2020); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). In determining the amount in controversy when a plaintiff does not assert a specific value in a complaint, courts in the Ninth Circuit begin by determining whether it is "facially apparent" from the complaint that the claims likely exceed $75,000. *See Guglielmino v. McKee Foods. Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Aura asserts that, based on Brinton's complaint, the amount in controversy in this matter exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1446(c)(2)(A)(ii). Aura makes this assertion in good faith considering the potential injuries and damages Brinton alleges. *See* LCR 101(a).

The face of the complaint shows that Brinton is claiming over $250,000 in damages collectively under the relevant provisions of each state.[3] Brinton alleges that he received "over

---

[2] The citizenship of the fictitious John Doe defendants are not considered in the diversity analysis. *See* 28 U.S.C. § 1441(b); *Barrus v. Recontrust Co.*, 2011 WL 2360206, at *2 (W.D. Wash. June 9, 2011).

[3] Aura does not concede any violation of any of the asserted claims or that Brinton is entitled to any damages by making these assertions in this notice of removal.

NOTICE OF REMOVAL – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

one hundred misleading and unsolicited bulk commercial email solicitations" as a result of Aura's conduct. Ex 1, Compl. ¶ 2. He alleges that "each individual commercial electronic message Defendants cause to be sent was a separate and distinct violation" of the various laws that Brinton contends Aura violated. *See id.* ¶¶ 36, 37. Specifically, he seeks statutory liquidated damages under each relevant law:

- $500 per violation of the Washington provisions, *see* RCW § 19.190.040(1); RCW § 19.190.090(1);

- $1,000 per violation of California's code, *see* Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii); and

- $1,000 per violation of Utah's code, *see* Utah Code Ann. § 13-65-202(2)(a)(ii).

*Id.* ¶¶ 38, 39, 43, 44. Taking Brinton's allegation that he received over 100 emails as true in tandem with the amount of potentially applicable statutory liquidated damages per violation under each states' provisions—$500 (Washington), $1,000 (California), $1,000 (Utah)—Aura asserts in good faith that the amount in controversy is substantially more than § 1332(a)'s requirement of $75,000.

Further, in addition to seeking statutory liquidated damages, Brinton seeks attorneys' fees, treble damages, and pre- and post-judgment interest. *See* Ex. 1, Compl. ¶¶ 40, 45, 46. The Ninth Circuit has held that future attorneys' fees may be included in the amount in controversy calculation when the underlying statute provides for such an award. *See Guglielmino*, 506 F.3d at 700. The underlying statutes Brinton seeks damages under each provide for a potential award of attorneys' fees. *See* RCW § 19.190.090(3); Cal. Bus. & Prof. Code § 17529.5(b)(1)(c); Utah Code Ann. § 13-65-202(4). That Brinton seeks attorneys' fees for claims such as the ones he pleads here—alleging over 100 separate and distinct violations under three different states'

NOTICE OF REMOVAL – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

laws—further shows that the amount in controversy requirement is satisfied.[4] Finally, a claim for treble damages is also considered in determining the amount in controversy. *See, e.g.*, *Armstrong v. Argosy Educ. Grp. Inc.*, 2014 WL 12674280, at *2 (W.D. Wash. Aug. 5, 2014).

For all these reasons, based on Brinton's allegations, Aura alleges in good faith that the amount in controversy exceeds $75,000. Aura is entitled to remove this action to federal court.[5]

## IV.    REMOVAL TO THIS DISTRICT AND DIVISION IS PROPER

This action is removable to this Court under 28 U.S.C. § 1441 because this Court would have had original jurisdiction over Brinton's claims had he elected to file in federal court initially. The Tacoma Division of this Court is the United States District Court for the district and division embracing the place where the state court action was commenced and could have been filed, and it is therefore the appropriate court for removal under 28 U.S.C. § 1441(a).

---

[4] *See, e.g.*, *Diaz v. One Techs., LLC*, 2022 WL 72283, at *3 (C.D. Cal. Jan. 6, 2022) (amount in controversy was satisfied because recoverable liquidated damages were $54,000 and attorney fees sought under § 17529.5 for violation of 54 emails were likely to exceed $21,000); *see also Balsam v. Trancos, Inc.,* 203 Cal. App. 4th 1083, 1104, 138 Cal. Rptr. 3d 108, 124 (2012), as modified on denial of reh'g (Mar. 21, 2012) (awarding $62,400 in attorneys' fees in fight over 8 email violations under § 17529.5).

[5] This Court may also have federal question jurisdiction. 28 U.S.C. § 1331. Courts have concluded that the Controlling the Assault of Non–Solicited Pornography and Marketing ("CAN–SPAM") Act of 2003, 15 U.S.C. §§ 7701 *et seq.* preempts the claims that Brinton brings here. *See, e.g.*, *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1060–64 (9th Cir. 2009); *Silverstein v. Keynetics, Inc.*, 727 F. App'x 244, 245–46 (9th Cir. 2018). Federal question jurisdiction exists when a federal law has completely displaced state law and so provides the exclusive cause of action for such claims—thus making the asserted claims necessarily federal. *See Rhode Island v. Shell Oil Prod. Co.*, 35 F.4th 44, 51–52 (1st Cir. 2022), *cert. denied sub nom. Shell Oil Prod. Co. v. Rhode Island*, 143 S. Ct. 1796 (2023); *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803–04 (5th Cir. 2011); *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290–91 (11th Cir. 2004). Because this Court clearly has diversity jurisdiction, however, it need not necessarily address the admittedly thornier question of complete preemption for federal question jurisdiction.

NOTICE OF REMOVAL – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## V. ALL DEFENDANTS CONSENT TO REMOVAL

The only other defendants besides Aura are John Does 1-10. "[U]nknown defendants sued as 'Does' need not be joined in a removal petition." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980). Therefore, Aura is the only defendant that matters for removal purposes, *see Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (rule of unanimity does not apply to unknown parties), and it consents to removal.

## VI. REMOVAL IS TIMELY

Brinton signed his complaint on October 22, 2023 and served a copy of the complaint and a summons on Aura on or around October 24, 2023. *See* Ex. 2. This notice of removal is timely filed within the 30 days allowed under 28 U.S.C. § 1446(b)(1). *See* Fed. R. Civ. P. 26(a)(1)(C).

## VII. NOTICE TO STATE COURT AND TRANSFER OF RELEVANT MATERIALS

Attached to this notice is a true and correct copy of the complaint that Brinton served on Aura. *See* Ex. 1. No verification of state court records is filed with this notice because Brinton has not filed any pleadings in state court. If Brinton files his complaint in state court, Aura will file a verification of state court records in this Court and a copy of this notice of removal and a notice of filing of removal with the clerk for the Clark County Superior Court. *See Pope v. Spokane Sch. Dist. No. 81*, 2021 WL 5967921, at *5–6 (W.D. Wash. Nov. 19, 2021) (concluding that defendant was not required to initiate a state court proceeding to file a copy of a notice of removal and blessing the filing of other required documents after the complaint was filed in state court), *report and recommendation adopted*, 2021 WL 5944250 (W.D. Wash. Dec. 16, 2021). A true and correct copy of a notice to superior court clerk of removal to be filed with the Clark County Superior Court is attached hereto as Exhibit 3. This notice remains unfiled to date because, as of this filing, Brinton has not filed any pleadings in state court. Proof of this notice of removal will be sent to Brinton and filed separately.

NOTICE OF REMOVAL – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Dated: November 27, 2023

By: s/ *Abdul K. Kallon*
  s/ *Erik B. Kundu*
Abdul K. Kallon, WSBA No. 60719
akallon@perkinscoie.com
Erik B. Kundu, WSBA No. 56746
ekundu@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Dennis C. Hopkins (*pro hac vice* forthcoming)
dhopkins@perkinscoie.com
**Perkins Coie LLP**
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: 212.262.6900
Facsimile: 212.977.1649

*Attorneys for Defendant Aura Sub LLC*

NOTICE OF REMOVAL – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000