# EXHIBIT 1

Nathan Brinton, Pro Se Plaintiff

31606 NE 134th Ct,
Battle Ground, WA 98604
360-702-7846
brintonnathan@gmail.com

SUPERIOR COURT FOR THE STATE OF WASHINGTON

FOR THE COUNTY OF CLARK

| | |
|---|---|
| NATHAN BRINTON,<br><br>Plaintiff,<br><br>vs.<br><br>AURA SUB, A DELAWARE LIMITED LIABILITY COMPANY, JOHN DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |

COMES NOW the Plaintiff, Nathan Brinton hereby alleges the following against Aura Sub, LLC, dba "UltraVPN."

## I. INTRODUCTION

1. This action is brought to recover damages for Defendants' persistent per se violations of Utah Code § 13-65-201, Cal. Bus. & Prof. Code § 17529.5, and the Washington Consumer Protection Act ("CPA"), RCW 19.86 et seq. Defendants' violations of the Consumer Protection Act are a result of Defendants' violations of the Commercial Electronic Mail Act ("CEMA"), RCW 19.190 et seq.

2. Defendants advertised, initiated, or assisted in the transmission of over one hundred misleading and unsolicited bulk commercial email solicitations. These misleading and

COMPLAINT - 1

unpermitted email messages were sent to email addresses held by Plaintiff Nathan Brinton, a Washington resident.

## II. PARTIES

3. Nathan Brinton is the Plaintiff in this case. At all relevant times, Mr. Brinton was a resident of Clark County and a citizen of the United States.

4. Aura Sub, LLC ("Aura") is a Defendant in this case. Aura is a foreign corporation registered in New Castle, Delaware and headquartered in Boston, Massachusetts. Aura is the owner of UltraVPN which sells digital security and antivirus software. Aura conducts business in Washington by, in part, initiating the transmission, conspiring to initiate the transmission, or assisting in the transmission of bulk commercial emails to Washington residents.

5. John Does 1-10 are Defendants in this case. To the best of Plaintiff's knowledge, Aura did not send these emails directly. They employed the use of John Does to advertise and transmit the emails to Plaintiff's inbox. Plaintiff intends to conduct discovery to determine the identity of John Does and amend this complaint to include them.

## III. JURISDICTION AND VENUE

6. The Legislature has conferred jurisdiction over this action and similar actions to this Court. Jurisdiction is proper under RCW 19.86.090, RCW 19.86.160, and RCW 19.190.090.

7. The violations alleged in this complaint have occurred in whole or in part in Clark County and venue is proper in this Court.

COMPLAINT - 2

8. Aura is also subject to specific jurisdiction under the stream of commerce theory because they are a merchant advertiser who puts its products into the stream of commerce through nationwide distributors and specifically serves Clark County with those same products.

## IV. FACTS

9. From Sept 2023 through the present, Defendants have initiated transmission, conspired to initiate transmission, or assisted in the transmission of unsolicited, unpermitted, or misleading commercial electronic mail messages, otherwise known as "spam" to Plaintiff's email addresses.

10. The spam email messages Defendants caused to be sent misrepresented or obscured information about the point of origin and transmission path of the spam email. The messages used false or dishonest "from:" lines or obscured information in "from:" lines. The "from:" lines identify the address, person, or organization from which the email originated. Email recipients use the "from:" line to determine the sender of the email. The spam emails received by Plaintiff often used falsified "from:" lines. These falsified "from:" lines indicated the email originated from a nonexistent email address or domain name or otherwise obscured information about the sender. By obscuring the information in the "from:" lines, Defendants made it unreasonably difficult or impossible to discover the actual sender of the spam email. One of the spam messages received by Mr. Brinton, for example, used the "from:" line "🔔 Virus©" This email was not regarding any virus plaintiff's computer contained. The message was, instead, a commercial solicitation for Aura's antivirus products.

11. The spam email messages Defendants caused to be sent used false or misleading information in the subject line. The subject line provides recipients with information about the content or subject of an email message. Email recipients use the subject line to determine the

COMPLAINT - 3

nature of the message they have received. One of the spam messages Mr. Brinton received, for example, used the subject line "We.have.received.48.complaints.about.your.Email." These subject lines are false or misleading as they claim 48 complaints have been filed concerning plaintiff's email while nothing of the sort has occurred. Instead, it is a commercial solicitation for Aura's products.

12. Defendants used third-party domain names without the permission of the third party. Defendants did so in both the header content of spam messages and within the content of spam messages. For example, some of the emails use Amazon Web Service links as the main call to action link. It is against Amazon's terms of service to use their links to promote unsolicited messages or spam emails.

13. Defendants' actions caused spam emails to be sent to email addresses belonging to Mr. Brinton, a Washington resident. These spam emails claimed to be Google support warning that Mr. Brinton's email had been infected by a virus and he needed to purchase antivirus software. For example, the body of one email said "Dear Costumer, I am the representative of customer support center at Gmail. We have received 42 complaints about your email account recently. There are thousands of spam emails sent out from your email address the last three days. We require your clarification now to avoid mail account deletion within 48 hours. We recommend you install an antivirus. We will choose the best one for you." Below this text was a big red textbox saying "Scan for viruses." Plaintiff clicked through the link and was sent to a landing page to enter his email and credit card information to purchase UltraAntivirus owned by Aura.

14. Defendants' emails originated from several different servers in Utah, California, and New York among others.

COMPLAINT - 4

## V. LEGAL ALLEGATIONS

## COUNT ONE

## VIOLATIONS OF THE CONSUMER PROTECTION ACT, RCW 19.190 et seq.

15. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 9 through 14.

16. Defendants violated the Commercial Electronic Mail Act, RCW 19.190 et seq., by initiating the transmission, conspiring to initiate the transmission, or assisting in the transmission of commercial electronic mail messages which misrepresented or obscured information identifying the point of origin of those messages.

17. Defendants violated the Commercial Electronic Mail Act, RCW 19.190 et seq., by using third-party domain names within the header information of spam emails and within the content of spam emails.

18. Defendants violated the Commercial Electronic Mail Act, RCW 19.190 et seq., by initiating the transmission, conspiring to initiate the transmission, or assisting in the transmission of commercial electronic mail messages with false or misleading information in the subject line.

19. Defendants violated the Commercial Electronic Mail Act, RCW 19.190 et seq., by soliciting plaintiff to provide personally identifying information via web page by representing themselves to be Google Support without their authority or approval.

20. Violations of the Commercial Electronic Mail Act, RCW 19.190 et seq., are violations of the Consumer Protection Act, RCW 19.86 et seq.

21. Violations of the Commercial Electronic Mail Act, RCW 19.190 et seq., are per se unfair and deceptive acts for purposes of Consumer Protection Act claims.

COMPLAINT - 5

22. Defendants' commercial solicitations occurred in trade or commerce.

23. Violations of the Commercial Electronic Mail Act, RCW 19.190 et seq., are per se matters vitally affecting the public interest for purposes of Consumer Protection Act claims.

24. Violations of the Commercial Electronic Mail Act, RCW 19.190 et seq, establish the injury element of a Consumer Protection Act claim as a matter of law.

25. Violations of the Commercial Electronic Mail Act, RCW 19.190 et seq, establish the causation element of a Consumer Protection Act claim as a matter of law.

## COUNT TWO

### VIOLATION OF Cal. Bus. & Prof. Code § 17529.5

25. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 9 through 14.

26. Defendants violated Cal. Bus. & Prof. Code § 17529.5 for every email that originated from a server in California.

27. Defendants violated Cal. Bus. & Prof. Code § 17529.5(a)(1), by using third-party domain names within the header information of spam emails and within the content of spam emails.

28. Defendants violated the Cal. Bus. & Prof. Code § 17529.5(a)(2), by initiating the transmission, conspiring to initiate the transmission, or assisting in the transmission of commercial electronic mail messages which misrepresented or obscured information identifying the point of origin of those messages.

COMPLAINT - 6

DocuSign Envelope ID: 733520E7-1022-4394-BEE1-CFE8807C43C7

Case 3:23-cv-06084-DGE    Document 1-1    Filed 11/27/23    Page 8 of 10

29. Defendants violated Cal. Bus. & Prof. Code § 17529.5(a)(3), by initiating the transmission, conspiring to initiate the transmission, or assisting in the transmission of commercial electronic mail messages with false or misleading information in the subject line.

## COUNT THREE

### VIOLATION OF Utah Code § 13-65-201

30. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 9 through 14.

31. Defendants violated Utah Code § 13-65-201 for every email that originated from a server in Utah.

32. Defendants violated Utah Code § 13-65-201(1), by using third-party domain names within the header information of spam emails and within the content of spam emails.

33. Defendants violated the Utah Code § 13-65-201(2), by initiating the transmission, conspiring to initiate the transmission, or assisting in the transmission of commercial electronic mail messages which misrepresented or obscured information identifying the point of origin of those messages.

34. Defendants violated Utah Code § 13-65-201(3), by initiating the transmission, conspiring to initiate the transmission, or assisting in the transmission of commercial electronic mail messages with false or misleading information in the subject line.

## VI. DAMAGES AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

COMPLAINT - 7

35. For judgment against the Defendants on all counts;

36. That the Court adjudge that each individual commercial electronic message Defendants caused to be sent was a separate and distinct violation of the Commercial Electronic Mail Act, RCW 19.190 et seq.;

37. That the Court adjudge that each individual commercial electronic message Defendants caused to be sent claiming to be Google support was a separate and distinct violation of RCW 19.190.080;

38. For statutory liquidated damages as provided by RCW 19.190.040;

39. For statutory liquidated damages as provided by RCW 19.190.090

40. For treble damages as permitted by RCW 19.86.090;

41. For civil penalties under RCW 19.86.140;

42. For a permanent injunction, under RCW 19.86.090, prohibiting future and continuing violations of RCW 19.190 et seq., by Defendants;

43. For statutory liquidated damages as provided by Cal. Bus. & Prof. Code § 17529.5(a)(3)(B)(ii);

44. For statutory liquidated damages as provided by Utah Code § 13-63-202(2)(a)(ii);

45. For an award of attorney fees and other costs incurred during this action and/or to the fullest extent allowed by law or equity;

46. For prejudgment and post-judgment interests to the maximum allowable rate; and

47. For such other relief as this Court deems just and equitable.

COMPLAINT - 8

Dated October 22nd, 2023.

—DocuSigned by:

*Nathan Brinton*

—6280F0D479F54B7...

Nathan Brinton, Pro Se Plaintiff
(360) 702-7846
31606 NE 134th Ct,
Battle Ground WA, 98604

COMPLAINT - 9